J. F. HOLDER *v.* CHICAGO, ST. LOUIS & NEW ORLEANS RAILROAD COMPANY.

1. RAILROADS. *Statutory precautions.* The provisions of the Code, sec. 1166, sub-sec. 5, prescribing the duty of a railroad company when an animal appears on the road to prevent an accident, do not apply in a case where the injury to stock is not the direct result of the moving train, and the company is not liable for an accident in which they were innocent of all blame, merely because one of the requirements of the statute was not complied with.

2. SAME. *Same.* Where, therefore, a mule jumped on the track of a railroad company in front of a moving train, ran on the road for two hundred yards, and then on a trestle, from which it leaped and was killed, the train being stopped before reaching the trestle, it was not error to charge the jury: "If you find that the defendant's train was stopped before it reached or overtook the plaintiff's mule, and that the mule was frightened at the time, and ran along the track of defendant's road, and jumped off and killed itself, the defendant would not be liable even if all the statutory precautions were not complied with by the defendant.

FROM GIBSON.

Appeal in error from the Law Court at Humboldt. J. T. CARTHEL, J.

McDEARMON & TYREE for Holder.

HILL & WILLIAMSON for Railroad.

COOPER, J., delivered the opinion of the court.

Action for the value of a mule, in which the verdict and judgment were in favor of the defendant, and the plaintiff appealed in error.

The defendant's train was going north on schedule

time on an up-grade, having to pass a trestle about twenty-five feet high. The evidence tends to show that when the train was in about two hundred yards of the trestle, the mule of the plaintiff jumped on the track some thirty yards in front of the engine, whereupon the engineer at once sounded the whistle, reversed the engine, applied the air brakes, and stopped the train within forty feet of the south end of the trestle. There was, however, testimony to the effect that the whistle was not sounded. The mule, it seems, ran along the road in front of the train and on to the trestle, from which it jumped and was killed. The judge, among other things not excepted to, charged the jury as follows: "If you find that the defendant's train was stopped before it reached or overtook the plaintiff's mule colt, and that the mule was frightened at the time and ran along the defendant's road, and jumped off and killed itself, then the defendant would not be liable, even if all the statutory precautions were not complied with by the employees of the defendant."

The Code, sec. 1166, sub-sec. 5, provides that when any person, animal or other obstruction appears upon the roadway of a railroad company, "the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." By sec. 1167 every railroad company that fails to observe these precautions "shall be responsible for all damages to persons or property occasioned by or resulting from any accident or collision that may occur."

The argument on behalf of the plaintiff in error is, that when any obstruction appears on the road all the requirements of the statute must be complied with, if possible, under the penalty, in case of failure, of liability for all damages to persons or property occasioned by or resulting from any accident or collision that may occur; and that the damages in this case resulted from the accident which occurred. This court has certainly held the requirements of the statute to be mandatory in all cases falling clearly within its provisions. The rulings were at first that a failure to comply with all the requirements rendered the company liable for an injury by collision even where, as by the sudden jumping of an animal on the track, it was impossible for want of time to comply with all of the requirements: *Nashville & Chattanooga R. R. Co.* v. *Thomas*, 5 Heis., 262. The court has since modified the construction of the statute so as not to demand impossibilities: *East Tennessee & Virginia R. R. Co.* v. *Scales*, 2 Lea, 688. And I have myself grave doubts whether the rulings ought not still further to be restricted by construing the statute as throwing the burden of proof on the company if all the requirements are not complied with, and leaving to the jury to determine as a matter of fact whether the omission of one or more of the requirements contributed to the occurrence of the accident. I doubt whether a party can legally be held liable in damages for a mere omission to perform a mechanical act, which can be clearly shown not to have contributed to the injury for which the

damages are claimed. It looks to me like violating fundamental principles of right under the idea of obedience to a legislative mandate, when the statute does not plainly require it, and would probably be unconstitutional if it did. Be this as it may, all of the decisions of this court in cases where the death or injury, for which damages were claimed, was directly occasioned by collision with the train of cars. This is the first case in which it has been sought to extend the construction of the statute to an injury not thus occasioned. The defendant's train did not, according to the hypothesis of the charge complained of, strike the plaintiff's mule at all, and was stopped as soon as could possibly be done after the animal was seen. The charge further proceeds on the theory that the animal, after unexpectedly jumping on the track, in its fright, for which the company was in no way responsible, ran along the track about two hundred yards, and, after failing to leave the roadway where it could do so with safety, jumped off at a dangerous point and killed itself. The omission of the company to comply with the statutory requirements, if it made any, was in failing to blow the alarm whistle, the blowing of which would almost certainly have added to the fright of the animal. And the question is whether the company shall be held liable for a loss to which, although the innocent cause, it in no way contributed, and which was not occasioned by a collision with its train. The statute, as construed, is sufficiently severe on the railroad companies where the

injury complained of is directly inflicted. And we are not inclined to extend it to cases in which the train is not the proximate cause of the loss, and the accident not the result of the omission of any statutory requirement, but of the animal's own act. If it had jumped off the road at a safe place, and killed itself by running against a tree or a stone, it would scarcely be contended that the railroad company would be liable merely because it omitted to sound the whistle. In principle, the two cases are identical.

In the argument on behalf of the appellant, some stress is laid upon the words " accident or collision" used in the Code, sec. 1167, and it is insisted that the former word has a broader signification than the latter. But if this be conceded, the accident must be so far in the nature of a collision as to be produced by the train, as, for example, by steam from the engine, the shaking of the train, or the rush of wind created by its rapid motion. Beyond such possible cases, the two words are only different expressions of the same thing. The preceding section only uses the word accident, and the next succeeding section says that the railroad company that observes the precautions shall not be responsible for any damages " done to person or property on its road." And sec. 1169 is: " Where a railroad company is sued for killing or injuring stock, the burden of proof that the accident was unavoidable shall be upon the company." Construing these sections together as intending to convey the same meaning in

different language, it seems clear that the injuries to persons and property provided against were injuries directly produced by the trains, and not injuries which stock might inflict upon themselves in the fright occasioned by the running of the trains in the legitimate exercise of the company's franchises.

Affirm the judgment.